# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DEURSLA LASHAY BARRON**                                                                 **PLAINTIFF**

**V.**                              **CASE NO. 3:20-CV-252-DPM-BD**

**MARIAH MOORE,** *et al***.**                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections**

    This Recommendation for dismissal has been sent to Chief Judge D.P. Marshall Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

    To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.**    **Background**

    Plaintiff Deursla Lashay Barron, an inmate at the Craighead County Detention Center (Detention Center), filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) Ms. Barron claims that Defendants Moore and Jones violated her federally protected rights by failing to provide her a breakfast tray on August 24, 2020. (Doc. No. 2)

Defendants have moved for summary judgment, contending that Ms. Barron failed to fully exhaust the grievance process before filing suit. (Doc. No. 15) Ms. Barron has not responded to the motion; and the time allowed for filing a response has passed.

### III.     Exhaustion

The Court must dismiss any claim that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [detention center] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

Under the Detention Center's grievance policy, an aggrieved inmate must submit "a written statement . . . promptly following the incident on a form specified. Such statements shall be transmitted without interference with twelve (12) hours to the shift supervisor by the housing officer or staff member whom the grievance is given." (Doc. No. 17-5) The policy requires that the grievance "state fully the time, date, names of the jail officers and/or staff members involved, and pertinent details of the incident." (Doc. No. 17-5)

Ms. Barron was arrested and booked into the Detention Center on June 4, 2020. (Doc. No. 17-2) On August 27, 2020, she filed her complaint in this lawsuit alleging that

Defendants Moore and Jones violated her rights by failing to provide her with breakfast on one morning. (Doc. No. 2)

According to allegations in the complaint, on the morning of August 24, 2020, Defendants delegated the task of passing out breakfast trays to two inmates, rather than doing the job themselves. The two inmates ate the breakfast intended for Ms. Barron and her cellmate. After learning of the purloined breakfast meals, Defendants failed to punish the wrongdoers and, more importantly, failed to provide Ms. Barron and her cellmate with replacement breakfast trays.

On the day of the incident, Ms. Barron submitted two grievances—both unrelated to the missing trays.[1] (Doc. No 17-3) Three days later, on August 27, she filed this lawsuit. (Doc. No. 2) Two days *after* she filed her complaint, Ms. Barron mentioned the breakfast tray incident in her appeal of an unrelated grievance.[2] (Doc. No. 17-3, p. 146)

## IV.   Conclusion

Ms. Barron did not fully exhaust any grievances about misappropriated breakfast trays prior to filing this lawsuit. While it is doubtful that Ms. Barron could prevail on a

---

[1] In grievance 7066784, Ms. Barron asked about her next court date. (Doc. No. 17-3, p.139) In grievance 7067610, she asked why Defendants Moore and Jones had not given her the "lockdown/incident report" she had requested. (Doc. No. 17-3, p.140)

[2] On August 27, 2020, Ms. Baron filed grievance 7089622, asking about her appeal and complaining that she still had not received the report she has requested (presumably the "lock/down incident report" she had requested on August 24). (Doc. No. 17-3, p. 146) On the same day, Ms. Barron received a response of "okay." She appealed the decision and, for the first time, complained about the missing breakfast tray and asked why the two inmates who had eaten her breakfast were not on lockdown. (Doc. No. 17-3, p. 146)

claim that she was deprived of breakfast on one occasion, the Court lacks jurisdiction to reach the merits of that claim. Therefore, Defendants' motion for summary judgment (Doc. No. 15) should be GRANTED and the case DIMISSED, without prejudice.

DATED this 17th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE